# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JACOB PANNELL and MARY PANNELL                                   PLAINTIFFS

V.                                       CIVIL ACTION NO.: 1:13CV202-NBB-DAS

THE CITY OF COLUMBUS, MISSISSIPPI                                  DEFENDANT

## MEMORANDUM OPINION

Presently before the court is Defendant's motion to dismiss **[9]**. Upon due consideration of the motion, response, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

Larry Pannell owned the property located at 708 5th Street South in the Columbus, Mississippi city limits in 2012.[1] On October 16, 2012, a summons and notice of hearing was issued regarding an alleged City of Columbus ordinance violation on that property. The violation was initially set for hearing at the November 6, 2012 City Council meeting, but was continued for two weeks. The violation was again brought up before the City Council on November 20, 2012. At that hearing, Larry Pannell indicated he would clean up the property. Plaintiffs contend he "made it clear he was trying to salvage unique and antique items from the structures on the Property." The City Council thereafter entered an order giving Pannell forty-five days to clean up the property, after which the City "may remove the dilapidated buildings." At the February 2013 City Council meeting, the Mayor signed an order to demolish the structures on the property. Plaintiffs contend that no evidence was presented at the meeting, no

---

[1] Larry Pannell passed away at some point during the events giving rise to this complaint. The property at issue was allegedly inherited by his wife, Mary Pannell, who then gave the property to their son, Jacob Pannell.

hearing officer was appointed, and no notice was given to the Plaintiffs for that attempted hearing.

The City of Columbus later removed all the antique building items from the property. Plaintiffs contend that the City did not follow their own ordinance procedures, including holding an improper hearing with no appointing hearing officer, and a lack of presentation of evidence. Further, Plaintiffs assert that the City of Columbus "acted arbitrarily . . . in a manner that is not legal, denie[d] due process to the rightfully owned property of the Plaintiffs, deprive[d] the Plaintiffs of their right in that property, denie[d] equal protection under the law to the Plaintiffs, and the Plaintiffs have suffered damages as a result of this denial of due process."

The City of Columbus filed this Motion to Dismiss arguing that because Plaintiffs did not avail themselves of the appropriate state court procedure prior to filing the instant federal court action, this claim is not ripe for adjudication and must be dismissed.

Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss, the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 117, 180 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings; however, matters of public record are exceptions. *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).

Discussion

Defendant moves to dismiss Plaintiffs' "takings" claims on the grounds that they are not ripe for the Court's consideration. Defendant argues that Plaintiffs have not pursued compensation for the alleged takings through state procedures, as they are required to do under applicable Fifth Circuit law. *See Waltman v. Payne*, 535 F.3d 342, 348-49 (5th Cir. 2008).

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, directs that "private property" shall not "be taken for public use, without just compensation." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 292 (5th Cir. 2006) (internal citation omitted). "In determining whether government action affecting property is an unconstitutional deprivation of ownership rights under the Just Compensation clause, a court must interpret the word 'taken.' When the government condemns or physically appropriates the property, the fact of a taking is typically obvious and undisputed." *Tahoe-Sierra Pres. Council, Inc., et al. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002)

Before addressing the merits of the claim, however, the court must be convinced that the claim in question is ripe. *See Samaad v. City of Dallas*, 940 F.2d 925, 933 (5th Cir. 1991). Ripeness is a question of law that implicates this Court's subject matter jurisdiction. *Sandy Creek Investors, Ltd. v. City of Jonestown, Tex.*, 325 F.3d 623, 626 (5th Cir. 2003). The Supreme Court has adopted a two-prong test for ripeness under the Fifth Amendment's Takings Clause, explaining that such claims are not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner; and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides and has been denied just compensation. *See Williamson County Reg'l Planning*

*Comm'n v. Hamilton Bank*, 473 U.S. 172, 186-96 (1985). The property owner bears the burden of proving that state law proceedings are unavailable or inadequate. *Id*. at 196-97.

The "adequate procedures" the Defendant cites are the Mississippi Code Section cited above providing for an appeal of a municipal board's decision and Mississippi's inverse condemnation law. Mississippi law provides for inverse-condemnation actions, see e.g., City of Gulfport v. Anderson, 554 So. 2d 873, 874 (Miss. 1989), yet Plaintiffs have not sought compensation through Mississippi law for the alleged taking. See Bryan v. City of Madison, Mississippi, 213 F.3d 267, 276 (5th Cir. 2000) (rejecting a takings claim as unripe because the property owner had not first resorted to Mississippi's court of eminent domain). Further, the statute under which Pannell's property was condemned is cited as Mississippi Code Section 21-19-11. That statute explicitly provides that "[a]ll decisions rendered under the provisions of this section may be appealed in the same manner as other appeals from municipal boards or courts are taken."

In an attempt to support this federal action, Plaintiffs argue that the property was taken for a "private" use and not a "public" use.[2] The United States Supreme Court has broadly defined the term "public use" pursuant to the Fifth Amendment. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 480 (2005) (noting that "[w]ithout exception, our cases have defined that concept [of public use] broadly, reflecting our longstanding policy of deference to legislative judgments in this field"). The Court deems that a taking for public use has occurred "where the exercise of the eminent domain power is rationally related to a conceivable public purpose." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 241 (1984). The Supreme Court has noted that where a municipality invokes a state statute to specifically authorize the use of eminent domain to promote economic development, "that plan unquestionably serves a public purpose, [and] the

---
[2] There is no allegation in Plaintiffs' complaint that the property was taken for private use.

takings challenged here satisfy the public use requirement of the Fifth Amendment." *Kelo*, 545 U.S. at 484.

Here, the City of Columbus condemned the property pursuant to Mississippi Code Section 21-19-11 which allows a municipality to clean any land adjudicated to be a menace to the public health, safety, and welfare of the community. *See* MISS. CODE ANN. § 21-19-11(1). The court finds that the City of Columbus applied this ordinance based on Mississippi statute 21-19-11 to serve a public purpose.

Plaintiffs additionally attempt to contest the taking of personal property found in the condemned structure on the property. Plaintiffs argue that the state procedures are inadequate to address issues of personal property. The only indication in Plaintiffs' Complaint that personal property may be at issue is Plaintiffs' statement that "Mr. Pannell made it clear [at the Board hearing] he was trying to salvage unique and antique items from the structures on the Property." Plaintiffs have failed to show why state court procedures would be inadequate to pursue their just compensation claims.

As Plaintiffs did not previously avail themselves of state remedies prior to bringing this federal takings claim, the claim is unripe and is dismissed without prejudice until such time as this Court has subject matter jurisdiction.[3]

Plaintiffs' allegations that the condemnation and removal of debris by the City at 708 5th Street South violated the procedural and substantive due process guarantees of the Fourteenth Amendment fail as a matter of law. With respect to procedural due process, while as a general rule an aggrieved person need not exhaust state remedies before filing suit in federal court to vindicate a state deprivation of constitutional rights, an exception to this rule applies when the

---

[3] The court additionally notes that Plaintiffs admitted in their response to the motion that a state court proceeding has been commenced in the County Court of Lowndes County, Mississippi.

alleged constitutional deprivation is the denial of procedural due process. *Rathjen v. Litchfield*, 878 F.2d 836, 839-40 (5th Cir.1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."); *see also Galloway v. Louisiana*, 817 F.2d 1154, 1158 (5th Cir.1987). Plaintiffs here failed to avail themselves of the adequate state procedures available to them, thereby foreclosing their procedural due process claim.

While substantive due process and takings claims may be implicated simultaneously, the Fifth Circuit has cautioned that "substantive due process is not the appropriate avenue of relief for most landowner complaints, and that, with rare exceptions, takings clause jurisprudence cannot be circumvented by artful pleading of substantive due process claims." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (citing *Simi Inv. Co. v. Harris County*, 236 F.3d 240 (5th Cir. 2001) (per curiam)) (internal quotation marks omitted). The reason is that "a specific constitutional protection [here, the Fifth Amendment] ought generally to control over claims made under the rubric of substantive due process." *Severance*, 566 F.3d at 501-02. "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Simi*, 236 F.3d at 248 (citing *Albright v. Oliver*, 510 U.S. 266, 27 (1994)). A substantive due process claim can be recognized alongside a takings claim when the takings analysis does not exhaust a plaintiff's constitutional claims. *Id*.

"A violation of substantive due process, for example, occurs only when the government deprives someone of liberty or property; or, to use the current jargon, only when the government works a deprivation of a constitutionally protected interest." *Brennan v. Stewart*, 834 F.2d 1248,

6

1257 (5th Cir. 1988) (internal quotation marks and citations omitted). "In the context of land use regulation, that is, in situations where the governmental decision in question impinges upon a landowner's use and enjoyment of property, a land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrary or capricious." *Simi*, 236 F.3d at 249 (5th Cir. 2000) (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 601 (3d Cir. 1995)). "The question is only whether a rational relationship exists between the policy and a conceivable legitimate objective. If the question is at least debatable, there is no substantive due process violation." *FM Props. Oper. Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citations omitted). Whether a rational relation in fact exists is a question of law that the court must determine. *Hidden Oaks*, 138 F.3d at 1044.

Plaintiffs have not complained that the condemnation was not warranted under the ordinance. Indeed, Pannell's agreement to clean the property after the Board found it in violation of the statute would serve as evidence that the decision to condemn was not arbitrary or capricious. The court finds there are insufficient allegations to support a substantive due process violation.

Plaintiffs further contend that the actions of the City "den[y] equal protection under the law to the Plaintiffs;" however, Plaintiffs failed to defend that claim in response to Defendant's motion to dismiss. Moreover, Plaintiffs have failed to indicate what protected class Plaintiffs would fall into or explain how the City purposefully discriminated against them. Thus, Plaintiffs have failed to plead sufficient facts to make this claim facially plausible. *See Iqbal*, 556 U.S. at 678-79; *see also Twombly*, 550 U.S. at 570. Accordingly, that claim is also dismissed.

7

Conclusion

Because Plaintiffs' takings claim is not ripe, the Court lacks jurisdiction over that claim. Accordingly, the Fifth Amendment claim is dismissed without prejudice until this Court gains subject matter jurisdiction. Plaintiffs have failed to comply with Federal Rule of Civil Procedure 12(b)(6) as to their Procedural Due Process, Substantive Due Process and Equal Protection Claim. For these reasons, Defendant's Motion to Dismiss [9] will be **GRANTED.** A separate order in accordance with this opinion shall issue this day.

This, the 29th day of September, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS**
**UNITED STATES DISTRICT JUDGE**